IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| CARL R. BOCKENSTEDT,<br><br>    Judgment Creditor,<br><br>vs.<br><br>NICHOLAS SCHRUPP et al.,<br>AMERICAN TRUST & SAVINGS<br>BANK,<br><br>    Judgment Debtors. | No. 05-mc-0026<br><br>**ORDER** |

This matter comes before the court pursuant to defendants' Nicholas Schrupp et al., and American Trust and Savings Bank's May 20, 2005, motion to dismiss (docket number 4). The defendants contend that this court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and that the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the defendants' motion is granted.

On May 12, 2005, plaintiff Carl R. Bockenstedt filed a pro se notice of filing of foreign judgment from the State of Iowa (docket number 1). Mr. Bockenstedt alleges the presence of a foreign judgment against the defendants as a result of an alternative dispute resolution proceeding. Plaintiff attached no judgment but the defendants show that judgment has been entered against the plaintiff by the Iowa District Court for Delaware County on January 19, 2005.

28 U.S.C. § 1331 grants this court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Fed. R. Civ. P. 12(b)(1) requires this court to dismiss actions where jurisdiction is lacking. The jurisdiction of this

court does not include review of state civil actions, such as the January 19, 2005, summary judgement against Mr. Bockenstedt. Accordingly, this court lacks subject matter jurisdiction.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Nevertheless, such motions "can serve a useful purpose in disposing of legal issues with the minimum of time and expense to the interested parties." Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968, 973 (8th Cir. 1968); Amalgamated Meat Cutters & Butchers Workmen of North America, Local Union No. 576 v. Wetterau Foods, Inc., 597 F.2d 133, 135 (8th Cir. 1979). To this end, "well-pleaded allegations are taken as admitted but conclusions of law and unreasonable inferences or unwarranted deductions of fact are not admitted." Id.; Mark Aero, Inc. v. Transworld Airlines, Inc., 580 F.2d 288, 296 n.30 (8th Cir. 1978). Because the "foreign judgment" claimed by Mr. Bockenstedt does not exist, there is no set of facts under which relief can be granted. Fed. R. Civ. P. 12(b)(6) mandates the dismissal of the instant claim.

Upon the foregoing,

IT IS ORDERED that the defendants' motion to dismiss is granted.

DATED this 15th day of August, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA